UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW JONES,** | ) | **CASE NO. 1:25 CV 767** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CLEVELAND HOPKINS AIRPORT,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Matthew Jones filed this action against Cleveland Hopkins Airport alleging that the airport failed to protect him as an officer or employee of the United States under the United States Criminal Code. (Doc. 1.) Plaintiff filed an application to proceed *in forma pauperis*. (Doc. 2). That application is granted.

### BACKGROUND

Plaintiff alleges that in 2001, while traveling with a United States senator and representative as a "U.S.A. Constituent," the group was "attacked with gunfire and anal rape as [they] entered [the airport], exiting our plane, to wait for our next flight." (Doc. 1 at 3-4.) He claims that he "suffered gun shot wounds, stabbings, Police Brown race H diseases, bludgeonings with batons and clubs, fist punches and feet kicks, wrenching and twisting,

grinding and squeezing, poisoning, anal rapes, burning, falling, and from the learned noises that they memorized to use as fatal weapons." (*Id*. at 5-6.)

Plaintiff argues that he is entitled to relief under 18 U.S.C. § 1114, a provision of the United States Criminal Code that governs the sentencing of persons who kill or attempt to kill an officer or employee of the United States Government. (*Id*. at 4-5.)

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all of the allegations in the

complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-defendant-unlawfully- harmed- me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Although specific facts are not required, in order to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of*

*Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)).  Additionally, this Court has discretion to refuse to accept without question the truth of a plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational.  *Denton*, 504 U.S. at 32-33.

Here, Plaintiff's complaint fails to meet even the most liberal reading of the Rule 8 pleading standard.  His complaint states only one claim under a provision of the United States Criminal Code.  Criminal statutes do not provide a private cause of action.  *See, e.g., United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. 2003).  The complaint fails to contain any viable federal *civil* claims within the jurisdiction of this Court.  Furthermore, his sparse factual allegations are wholly incredible and irrational.  Plaintiff's complaint, therefore, must be dismissed.

### CONCLUSION

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), and dismisses this case pursuant to 28 U.S.C. §1915(e).  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

/s/ Patricia A. Gaughan
**PATRICIA A. GAUGHAN**
**UNITED STATES DISTRICT JUDGE**